UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**JOSHUA MATTHEWS,**

    **Plaintiff,**

v.                                                              Case No: 5:18-cv-641-Oc-10PRL

**JULIANE DAY, FNU HAYES, FNU
FORNASH, FNU HAAKE, FNU
THOMAS, FNU BRACKET, FNU
STONE, FNU JACOBSEN, and FNU
UNDERWOOD,**

    **Defendants.**

_____

## ORDER DIRECTING AMENDED COMPLAINT

This matter comes before the Court upon review of the file. Plaintiff initiated this action, proceeding *pro se*, by filing a Civil Rights Complaint Form (Doc. #1).[1] In response to the Court's order to show cause (Doc. #7), Plaintiff filed an Amended Complaint (Doc. #11; Compl.). In his Amended Complaint, Plaintiff identifies numerous perceived wrongs he faced while housed at Sumter County Detention Center (SCDC), including the denial of a kosher diet and interference with his religious practice and beliefs; refusal of cleaning supplies; denial of recreation time; denial of toiletries; use of force; retaliation; and harassment. See Compl. Plaintiff seeks compensatory damages from defendants in their individual capacities. Id. at ¶ 78. Finding the Amended Complaint deficient, the Court directs Plaintiff to file a second amended complaint if he wishes to proceed.

_____

[1] Plaintiff is not proceeding *in forma pauperis*. He paid the full filing fee. See docket.

First, it is unclear what claims Plaintiff seeks to bring against each named defendant. Plaintiff references the Religious Land Use and Institutionalized Persons Act (RLUIPA) in the statement of facts, id., ¶ 11, but in the statement of claims, he references deliberate indifference, due process, and religious exercise seemingly under the First Amendment. Plaintiff must state what rights under the Constitution, laws, or treaties of the United States have been violated in the section entitled "Basis for Jurisdiction." It is improper for Plaintiff to merely list or mention in passing constitutional or federal rights. Plaintiff must provide support in the statement of facts for the claimed violations. In amending his complaint, Plaintiff should know that a plaintiff may recover only declaratory or injunctive relief, not damages, against an individual state actor under RLUIPA. Because Plaintiff is no longer housed at SCDC, any claim for injunctive relief based on conduct that occurred there is moot.

Second, Plaintiff includes extraneous factual assertions and references multiple, unrelated claims. A plaintiff may set forth only related claims in one civil rights complaint. A plaintiff may not join unrelated claims and various defendants unless the claims arise "out of the same transaction, occurrence, or series of transactions or occurrences" and if "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). As recognized by the Eleventh Circuit, "a claim arises out of the same transaction or occurrence if there is a logical relationship between the claims." Constr. Aggregates, Ltd. v. Forest Commodities Corp., 147 F. 3d 1334, 1337 n.6 (11th Cir. 1998) (quotations and citation omitted). Moreover, as the Seventh Circuit stated in George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007), "[u]nrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that [a multi]-claim, [multi]-defendant suit produced but also to ensure that prisoners pay the required filing fees.... A buckshot complaint that would be rejected if filed by a free person-say, a suit complaining

that A defrauded [him], B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions-should be rejected if filed by a prisoner."

Currently, Plaintiff includes various allegations that implicate different claims arising out of incidents with no logical relationship, including a denial of religious freedom, excessive force, and retaliation. It appears Plaintiff's primary claims arises under the First Amendment; indeed, he states, "[i]n summary, Plaintiff complains that the [SCDC] burdened his practice of Judaism by constantly denying him access to Kosher meals, denying access to daily and weekly religious services, and denying his right to observe Jewish holidays." See Compl. ¶ 57. In amending his complaint, Plaintiff should focus on his First Amendment freedom of religion claim. Claims that are unrelated must be raised in separate actions. Additionally, Plaintiff should omit facts that are not relevant to the First Amendment claim. The Federal Rules of Civil Procedure require that **pleadings include a short and plain statement of facts** showing that the pleader is entitled to relief. Fed. R. Civ. P. 8. All averments of the claim "shall be made in numbered paragraphs" and limited to "a statement of a single set of circumstances." Fed. R. Civ. P. 10.

Third, it appears Plaintiff names some defendants based on their roles as supervisors or grievance responders. In amending his complaint, Plaintiff must name as defendants only those persons who are responsible for the alleged constitutional violations, keeping in mind that supervisory liability has been rejected as a theory of recovery under 42 U.S.C. § l983. Thus, a defendant who holds a supervisory position may not be held liable simply because a correctional institution staff member violated an inmate's constitutional rights. Although personal participation is not specifically required for liability under § l983, there must be a causal connection between the defendant named and the injury sustained, and that causal connection must be more than the

title or job description the supervisory official holds. Additionally, an official is not liable under § 1983 simply for responding to or failing to respond to a grievance.

Fourth, Plaintiff does not allege facts connecting each named defendant to the alleged constitutional violation. Plaintiff must clearly describe **how each named defendant** is involved in the alleged constitutional violation(s). Although the complaint need not set forth detailed factual allegations, a plaintiff is required to provide more than mere "labels and conclusions" and the factual allegations "must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The factual allegations must be sufficient "to state a claim to relief that is plausible on its face." Id. at 570. Mere conclusory statements in support of a threadbare recital of the elements of a cause of action will not suffice. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The law requires something more "than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id.

Fifth, Plaintiff does not allege suffering a physical injury. Section 1997e(e) of the Prison Litigation Reform Act (PLRA) provides: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). To the extent Plaintiff were to succeed on any viable claim, he would be limited to recovering only nominal damages.

Finally, Plaintiff should note that an amended complaint supersedes the filing of the initial complaint and becomes the operative pleading. Krinsk v. SunTrust Banks, Inc., 654 F.3d 1194, 1202 (11th Cir. 2011). Thus, Plaintiff's amended complaint must be complete, including all related claims he wishes to raise, and must not refer to the initial or amended complaints. Additionally, any affidavits, supporting documents, and/or supplements should be included with the amended

complaint and marked as exhibits. After completing his amended complaint, Plaintiff must mail it to the Court with a copy for each defendant.

Accordingly, it is hereby **ORDERED:**

1. The Clerk of Court shall forward Plaintiff a Civil Rights Complaint Form marked "Second Amended Complaint."

2. Plaintiff must file a Second Amended Complaint **WITHIN TWENTY-ONE (21) DAYS of the date of this Order.**

3. Plaintiff's failure to comply with this Order may result in the dismissal of this case without further notice.

**DONE AND ORDERED** at Ocala, Florida, this 6th day of September 2019.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies to: Pro Se Parties